IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN DOE,
      Plaintiff,

        v.                               Civil Action No. 3:23-cv-00199 (HEH)

SEAMLESS SEARCH INC.,
      Defendant.

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned for a Report and Recommendation (ECF No. 35) on Plaintiff's Motion to Enforce Settlement Agreement (the "Motion to Enforce Settlement"). (ECF No. 30.) This matter is now ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and oral argument would not aid the decisional process. Having reviewed the motions, the accompanying memoranda in support of the motions, and all supporting documentation therein, the undersigned recommends that the Motion to Enforce Settlement (ECF No. 30) be GRANTED IN PART and DENIED IN PART.

## I.      BACKGROUND

The issue before the Court arises out of the parties' efforts to settle the underlying claims asserted in Plaintiff's Complaint. (ECF No. 1.) In the Motion to Enforce Settlement, Plaintiff asserts that the parties reached a binding agreement, the terms of which were set forth in various emails (ECF No. 31-1) and memorialized in a Confidential General Release and Settlement Agreement (the "Settlement Agreement").[1] (ECF No. 31-2.)

---

[1] Paragraph 8.1 of the Settlement Agreement provides in relevant part that the parties agree that their negotiations and the terms and conditions of the Settlement Agreement "are strictly confidential." As a result, Defendant filed the Settlement Agreement under seal.

**A.      Summary of the Settlement Negotiations.**

On September 20, 2023, counsel for Defendant sent an email to Plaintiff's counsel, agreeing on a settlement amount (the "Settlement Amount") and offering to "prepare a settlement agreement for review." (ECF No. 31-1.) However, Defendant's counsel did not send a draft of a settlement agreement as indicated in the September 20, 2023 email. (ECF No. 31, at 2.)

On October 12, 2023, Plaintiff's counsel provided Defendant's counsel with a draft settlement agreement. (ECF No. 31-4 ¶ 8.) Defendant's counsel responded the following day with a different agreement, which Defendant had approved. (*Id.* ¶ 9.) Plaintiff's counsel revised this document pursuant to discussions with Defendant's counsel, who indicated that Defendant was "waiting on one final approval but we do not expect to have any changes to [Plaintiff's counsel's revisions]." (ECF No. 31-3, at 3.) At that time, Defendant's counsel asked Plaintiff's counsel for instructions to wire the Settlement Amount to "make sure there is no hold up with payment[.]" (*Id.* at 3.)

On October 17, 2023, Defendant's counsel emailed Plaintiff's counsel confirming that Plaintiff's revisions "are acceptable to us[.]" (*Id.* at 2.) Thereafter, on October 23, 2023, Plaintiff signed the Settlement Agreement (ECF No. 31-2) and sent it to Defendant's counsel. (ECF No. 31-4 ¶¶ 10-12.) Despite indicating its approval of the Settlement Agreement through counsel, Defendant has not: (1) signed the Settlement Agreement; and/or (2) tendered the Settlement Amount to Plaintiff. (ECF Nos. 31-2, 31-4 ¶ 14.)

**B.      Relevant Provisions of the Settlement Agreement.**

Paragraph 1.1 of the Settlement Agreement sets forth the monetary consideration (i.e., the Settlement Amount) for the settlement. (ECF No. 31-2.) Paragraph 5.1 of the Settlement Agreement provides that each party "shall bear their own costs and attorneys' fees incurred in connection with [the Settlement] Agreement, and each waives the right make a claim against the other for such costs, attorneys' fees or any other expenses associated with the matters being settled here." (*Id.*)

###### C.     The Court's Jurisdiction to Enforce Settlement.

On October 18, 2023, the parties filed a notice with the Court confirming that a settlement had been reached and requesting that "the Court retain jurisdiction for the purpose of enforcing the settlement pursuant to *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 374 (1994)." (ECF No. 26.)

## II.     STANDARD OF REVIEW

"[D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement agreements." *Hensley v. Alcon Lab'ys, Inc*., 277 F.3d 535, 540 (4th Cir. 2002). In exercising such authority, a district court must first conclude "that a complete agreement has been reached and [it can] determine[ ] the terms and conditions of that agreement." *Id.* Under Virginia law, "settlement agreements are treated as contracts subject to the general principles of contract interpretation." *Byrum v. Bear Inv. Co*., 936 F.2d 173, 175 (4th Cir. 1991). A contract is formed when the offeree communicates its acceptance to the offeror. *See Levy v. Beach Inv. Corp*., 181 S.E.2d 607, 607–08 (Va. 1971). Moreover, "the fact that the [settlement] agreement is not in writing does not render it unenforceable." *Hensley*, 277 F.3d at 540 (citing *Alexander v. Indus. of the Blind, Inc*., 901 F.2d 40, 41 (4th Cir. 1990)). Similarly, "having second thoughts about the results of a settlement agreement does not justify setting aside an otherwise valid agreement." *Young v. F.D.I.C.*, 103 F.3d 1180, 1195 (4th Cir. 1997).

Where "there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement *summarily*." *Hensley*, 277 F.3d at 541 (emphasis in original). In that event, the court must "conduct a plenary evidentiary hearing" in order to resolve the factual dispute. *Millner v. Norfolk & W. Ry. Co*., 643 F.2d 1005, 1009 (4th Cir. 1981). If, after such a hearing, "a district court concludes that no settlement agreement was reached or that agreement was not reached on all the material terms, then it must deny enforcement." *Hensley*, 277 F.3d at 541.

### III.    DISCUSSION

Plaintiff asks the Court to enforce the Settlement Agreement. (ECF No. 31, at 1.) Additionally, Plaintiff seeks an award for "the costs and attorneys' fees associated with seeking enforcement of the Settlement Agreement." (*Id.*) Defendant responded by conceding that "it does not intend to file a substantive response to [the Motion to Enforce Settlement]."[2] (ECF No. 37.) In his Reply, Plaintiff asks the Court to enter judgment for the Settlement Amount because Defendant does not oppose the Motion to Enforce Settlement. (ECF No. 38.) Plaintiff also reiterates his request for an award of attorneys' fees and costs. (*Id.*)

The undersigned concludes that there is no factual dispute over: (1) the existence of the Settlement Agreement; (2) the authority of the attorneys to enter into the Settlement Agreement; and (3) the Settlement Agreement's Terms. *See Hensley v. Alcon Lab'ys, Inc*., 277 F.3d 535, 541 (4th Cir. 2002). The undersigned also finds that the emails between the parties and the Settlement Agreement establish that a complete agreement was reached, and the Court can readily determine the terms and conditions of that agreement. *See id.* at 540. As a result, the undersigned recommends that the Motion to Enforce Settlement be GRANTED IN PART as to Plaintiff's request for an entry of judgment for the Settlement Amount and DENIED IN PART as to Plaintiff's request for an award of attorneys' fees and costs.

---

[2] Defendant also noted that its attorneys have moved to withdraw as counsel in this matter for the reasons set forth in the Motion to Withdraw (ECF No. 32) and accompanying Memorandum in Support (ECF No. 33) (collectively, the "Motion to Withdraw") filed on December 8, 2023. The Motion to Withdraw was not referred to the undersigned for a Report and Recommendation. However, the undersigned's recommended resolution of the Motion to Enforce Settlement would render the Motion to Withdraw moot.

**A.      There Is No Factual Dispute over the Existence of the Settlement Agreement, the Authority of the Attorneys to Enter into the Agreement, or the Agreement's Terms.**

Plaintiff attests that the Settlement Agreement was the result of "extensive negotiations, over the course of multiple emails and telephone calls" with the parties "eventually agreeing on settlement terms that represented significant compromise." (ECF No. 31, at 1.)

On September 20, 2023, counsel for Defendant sent an email to Plaintiff's counsel, agreeing on the Settlement Amount and offering to "prepare a settlement agreement for review." (ECF No. 31-1, at 2.) Defendant's counsel did not send a draft settlement agreement as indicated in the September 20, 2023 email. (ECF No. 31, at 2.) Consequently, Plaintiff's counsel provided Defendant's counsel with a draft agreement and release on October 12, 2023. (ECF No. 31-4 ¶ 8.) Defendant's counsel responded the following day with a different agreement, which Defendant had purportedly approved. (*Id.* ¶ 9.) Plaintiff's counsel revised this document pursuant to discussions with Defendant's counsel, who indicated that Defendant was "waiting on one final approval but [did] not expect to have any changes to [Plaintiff's counsel's revisions]." (ECF No. 31-3, at 3.) At that time, Defendant's counsel asked Plaintiff's counsel for instructions to wire the Settlement Amount to "make sure there is no hold up with payment[.]" (*Id.* at 3.)

On October 17, 2023, Defendant's counsel emailed Plaintiff's counsel confirming that Plaintiff's revisions "are acceptable to us[.]" (ECF No. 31-3, at 2.) On October 18, 2023, the parties notified the Court that a settlement had been reached. (ECF No. 26.) Thereafter, on October 23, 2023, Plaintiff signed the Settlement Agreement and sent it to Defendant's counsel. (ECF No. 31-4 ¶¶ 10-12.) Despite indicating its approval of the Settlement Agreement through counsel, Defendant has not: (1) signed the Settlement Agreement; or (2) tendered the Settlement Amount to Plaintiff (ECF Nos. 31-2, 31-4 ¶ 14).

5

Significantly, Defendant does not dispute any of these factual contentions. (ECF No. 37.) As a result, the undersigned finds that there is no factual dispute over the existence of the Settlement Agreement, over the authority of the attorneys to enter into the Settlement Agreement, or over the Settlement Agreement's terms. *See Hensley*, 277 F.3d at 540. Based on these findings, the undersigned concludes that the Court: (1) is not required to conduct a plenary evidentiary hearing in order to resolve any factual disputes; and (2) may enforce the Settlement Agreement summarily. *See Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981); *see also Hensley*, 277 F.3d at 540-41.

### B.   A Complete Agreement Has Been Reached and the Court Can Determine the Terms and Conditions of That Agreement.

Under the terms of the Settlement Agreement, Defendant was required to pay the Settlement Amount no later than November 6, 2023. (ECF No. 31-2, at 2 (requiring Defendant to pay Plaintiff's attorneys a sum certain within fourteen days of the "Effective Date" defined as "the date on which [the Settlement Agreement] has been signed by Plaintiff").) Having received no payment by that date, Plaintiff communicated with Defendant's counsel, who relayed that Defendant "has not been in contact with its counsel and it does not appear it intends to pay." (ECF No. 31-4 ¶¶ 15-16.)

As previously discussed, Defendant does not dispute any of these factual contentions. (ECF No. 37.) As a result, the undersigned concludes that: (1) the parties agreed to the terms set forth in the Settlement Agreement; (2) the Settlement Agreement unambiguously evinced an intent to be bound and contained sufficiently definite material terms; and (3) the Settlement Agreement is enforceable.

### 1.   The Parties Agreed to the Terms of the Settlement Agreement.

On October 13, 2023, Defendant, through counsel, provided Plaintiff with a draft of the Settlement Agreement. (ECF No. 31-4 ¶ 9.) After making some revisions, Plaintiff sent the Settlement Agreement back to Defendant's counsel for approval. (ECF No. 31-3, at 2-3.) Through email,

Defendant's counsel confirmed Defendant's acceptance of: (1) Plaintiff's proposed revisions to the Settlement Agreement; and (2) the terms and conditions of the final version of the Settlement Agreement. (*Id.*) Defendant's counsel requested wiring instructions for the Settlement Amount and anticipated that Defendant would sign the Settlement Agreement by October 17, 2023. (*Id.* at 3.) Satisfied with this response, Plaintiff executed the Settlement Agreement on October 23, 2023. (ECF No. 31-4 ¶ 11.)

> **2.     The Settlement Agreement Evinces an Intent to Be Bound and Contains Sufficiently Definite Material Terms.**

The Court analyzes the Settlement Agreement using standard contract principles of Virginia law. The essential elements of a contract are: (1) an offer; (2) acceptance; and (3) consideration. *See Snyder–Falkinham v. Stockburger*, 457 S.E.2d 36, 39 (Va. 1995). "To prove a contract's existence, all of the essential elements must be proven." *Dean v. Morris*, 756 S.E.2d 430, 432 (Va. 2014). "The most basic principle of contract law is that when one party makes an offer that is clear, definite, and explicit, and leaves nothing open for negotiation, acceptance of that offer by the other party will complete the contract." *Jud. Inquiry & Rev. Comm'n of Va. v. Elliott*, 630 S.E.2d 485, 496 (Va. 2006) (citing *Chang v. First Colonial Sav. Bank*, 410 S.E.2d 928, 930 (Va. 1991)). Accordingly, when determining "whether a settlement agreement has been reached, the Court looks to the objectively manifested intentions of the parties." *Moore v. Beaufort Cnty.,* 936 F.2d 159, 162 (4th Cir. 1991) (citations omitted).

It is clear that the parties intended to settle the case and agreed upon the terms of the settlement when they reached their agreement. The Settlement Agreement reflects a mutual agreement to settle all claims Plaintiff has or may have had against Defendant in exchange for payment of the Settlement Amount, among other terms. Although Defendant's counsel did not return a signed agreement to Plaintiff's counsel, it is clear from the emails exchanged between the two that Defendant agreed to the revised terms. Moreover, Defendant's counsel inquired as to how to send payment by wire to

7

ensure timely delivery of the settlement proceeds. This, in addition to Defendant's counsel's representation that the parties "can go ahead and move forward with finalizing the [Settlement Agreement]," indicates an explicit meeting of the minds leaving nothing open for negotiation. (ECF No. 31-3, at 2.) *See Elliott*, 630 S.E.2d at 496. Consequently, the undersigned concludes that the Settlement Agreement is enforceable.

### C. Waiver of Attorneys' Fees and Costs

In addition to moving to enforce, Plaintiff also seeks reimbursement for "the costs and attorneys' fees associated with seeking enforcement of the Settlement Agreement." (ECF No. 31, at 1; *see also* ECF No. 38.) In support of this request, Plaintiff relies on an unpublished opinion from the United States District Court for the Western District of Virginia. (ECF No. 31, at 6) (citing *Mason v. Mazzei*, No. 1:22-cv-00008, 2023 WL 4744708 (W.D. Va. July 25, 2023)). In *Mason*, the Western District of Virginia was tasked with determining an award for attorneys' fees and costs incurred when the plaintiff's counsel filed a Motion to Enforce Judgment. 2023 WL 4744708, at *1. The motion in *Mason*, however, was not a Motion to Enforce Settlement Agreement, as in the present matter; rather, that case involved a motion to enforce a court order following a bench trial that required the defendant to produce certain financial documents. *See id.* !

As a general rule, each litigant bears his or her own attorneys' fees absent a contrary rule of court or express statutory or contractual authority for recovery. *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 631 (4th Cir. 1999). The Settlement Agreement here is silent as to who bears the cost of enforcing the agreement in the event of a breach. Instead, Paragraph 5.1 of the Settlement Agreement provides that each party "shall bear their own costs and attorneys' fees incurred in connection with [the Settlement] Agreement and each waives the right make a claim against the other for such costs, attorneys' fees or any other expenses associated with the matters being settled here." (ECF No. 31-2, at 4.)   Here, Plaintiff has asked the Court to enforce the terms of the Settlement

Agreement. (ECF No. 31, at 5-6.) In doing so, the undersigned finds no contractual language within the Settlement Agreement expressly providing for an award of attorneys' fees and costs in the event of a breach, nor has Plaintiff identified any such language. Therefore, the undersigned recommends that the Court deny Plaintiff's request for attorneys' fees and costs.

## IV.    CONCLUSION

For the reasons set forth above, it is hereby RECOMMENDED that the Motion to Enforce Settlement (ECF No. 30) be GRANTED IN PART as to Plaintiff's request for entry of judgment for the Settlement Amount and DENIED IN PART as to Plaintiff's request for an award of attorneys' fees and costs.

Let the Clerk file this Report and Recommendation electronically, notify all counsel of record, and send a copy to the Honorable United States Senior District Judge Henry E. Hudson.

### NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal those findings and conclusions accepted and adopted by the District Judge except upon the grounds of plain error.**

_____  /s/ MRC
                Mark R. Colombell
                United States Magistrate Judge

Richmond, Virginia
Date: January 9, 2024